**DELHI GAS PIPELINE CORPORATION,**
Appellant,

v.

**John Ross DIXON, Appellee.**

**No. 11–86–146–CV.**

Court of Appeals of Texas, Eastland.

Aug. 27, 1987.

Rehearing Denied Oct. 15, 1987.

Craig D. Caldwell, Rusk, and Raymond R. Johnson, Sulphur Springs, for appellant.

Charles R. Holcomb, Dist. Atty., Rusk, for appellee.

## OPINION

DICKENSON, Justice.

Delhi Gas Pipeline Corporation laid a gas gathering line to transport natural gas from a well [located on a 687.59–acre unit containing the 29.98–acre tract owned by John Ross Dixon] to its gas transmission line. The only gas in the line across Dixon's property came from the well on the gas unit which included his property. The trial court denied Delhi's motion for summary judgment and granted Dixon's motion for partial summary judgment. After the jury found actual damages in the sum of $7,000 and punitive damages in the sum of $10,000, the trial court rendered judgment that Dixon recover those sums plus post-judgment interest and costs. Delhi appeals. We reverse and render.[1]

█ Appellant presents 14 points of error. First, appellant argues that the trial court erred in granting Dixon's motion for summary judgment because the title documents establish as a matter of law that Delhi had the right to lay the gas gathering line and that it did not trespass in placing the pipeline on Dixon's property. We sustain this point of error, and the other points need not be discussed.

Dixon did not own the oil and gas rights in the 29.98–acre tract of land which he purchased in 1973 through the Texas Veterans' Land Program from Lewie Byers and wife, Mary Jean Byers. The warranty deed from Mr. and Mrs. Byers to the Veterans' Land Board of the State of Texas reserved all of the oil and gas rights in that tract.[2]

Lewie Byers [owner of the mineral rights] executed an oil, gas, and mineral lease to Texas Oil & Gas Corp. on March 9, 1979, which conveyed the land involved in this appeal to Texas Oil:

> [F]or the purpose of investigating, exploring, prospecting, drilling, mining and operating for and producing oil, gas and all other minerals, injecting gas, waters, other fluids, and air into subsurface strata, *laying pipe lines*, storing oil, building tanks, power stations, telephone lines, and other structures and things thereon to produce, save, take care of, treat, process, store and *transport said minerals* and other products manufactured therefrom.... (Emphasis added)

The lease also gave Texas Oil the right to pool and unitize all or any part of the land with other tracts in the immediate vicinity to form drilling or production units. Texas Oil & Gas Corp. entered into a gas purchase agreement with Delhi Gas Pipeline Corporation which states in pertinent part:

> To the extent that it may lawfully do so, Seller [Texas Oil] hereby assigns and grants to Buyer [Delhi Gas] an easement across Seller's properties outlined on Exhibit "A" attached hereto for the purpose of installing, using, inspecting, repairing, operating, replacing, and removing Buyer's pipelines, meters, and other equipment used or useful in the performance of this Agreement.

The pipeline in this appeal serves only the well located on lands with which the 29.98-acre tract has been pooled. The pipeline does not transport gas from any other source.

█ The mineral owner [Lewie Byers] and his lessee [Texas Oil] have the right to use as much of the premises as is reasonably necessary to produce and remove the oil, gas, and other minerals. *Getty Oil Company v. Jones*, 470 S.W.2d 618 at 621 (Tex.1971); *Stradley v. Magnolia Petrole-*

---

1. This appeal was transferred from the 12th Court of Appeals to this Court on June 18, 1986. See TEX.GOV'T CODE ANN. sec. 73.001 (Vernon Pamph.1987).

2. There was a covenant prohibiting surface operations on 2.86 acres of this land, but the Delhi pipeline does not cross any portion of this 2.86–acre tract.

*um Co.,* 155 S.W.2d 649 at 651 (Tex.Civ. App.—Amarillo 1941, writ ref'd). This right includes the right to use as much of the surface estate as is reasonably necessary to produce oil or gas from a well located on a production unit with which the tract has been unitized. *Miller v. Crown Central Petroleum Corporation,* 309 S.W.2d 876 at 878 (Tex.Civ.App.—Eastland 1958, writ dism'd by agr.).

We hold that the mineral owner's lessee can grant the gas purchaser an easement to lay a pipeline to transport gas from the well [on a production unit which includes the surface owner's land] to the gas purchaser's pipeline system. The gas purchaser would not have the right to transport any other gas in the line across the surface owner's land without condemnation proceedings or an easement from the owner of the surface estate.

The judgment of the trial court is reversed, and this Court renders judgment that John Ross Dixon take nothing and that Delhi Gas Pipeline Corporation be discharged from liability.